Slip Op. 10-46

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HITACHI HOME ELECTRONICS (AMERICA), INC., <br><br>        Plaintiff, <br><br>        v. <br><br>UNITED STATES, <br>UNITED STATES CUSTOMS AND <br>BORDER PROTECTION, and <br>ROSA HERNANDEZ, PORT DIRECTOR, <br>UNITED STATES CUSTOMS AND <br>BORDER PROTECTION, (OTAY MESA) <br>SAN DIEGO, CALIFORNIA, <br><br>        Defendants. | Before: Jane A. Restani, Chief Judge <br><br>Court No. 09-00191 |

## OPINION

[Defendants' motion to dismiss without prejudice action challenging rate of duty granted; plaintiff's cross-motions for consolidation and summary judgment denied.]

Dated: April 30, 2010

        Sidney N. Weiss for the plaintiff.

        Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Justin R. Miller); Paula S. Smith, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for the defendants.

        Restani, Chief Judge: This customs duty rate matter is before the court on the motion of defendants, the United States, United States Customs and Border Protection, and Rosa Hernandez, the Port Director for (Otay Mesa) San Diego, California (collectively, "Customs"),

to dismiss for lack of subject-matter jurisdiction pursuant to USCIT Rule 12(b)(1), and on plaintiff Hitachi Home Electronics (America), Inc.'s ("Hitachi") cross-motions for consolidation of this case with Court Numbers 07-00422, 08-00128, 08-00226, and 09-00056, pursuant to USCIT Rule 42(a), and summary judgment, pursuant to USCIT Rule 56. For the reasons below, the court grants Customs' motion to dismiss without prejudice and denies Hitachi's cross-motions.

## BACKGROUND

Hitachi imported plasma flat panel televisions made and/or assembled in Mexico into the United States at the port of (Otay Mesa) San Diego, California between June 1, 2003, and December 27, 2005. (First Am. Compl. 1.) The televisions were liquidated as dutiable under subheading 8528.12.72 of the Harmonized Tariff Schedule of the United States ("HTSUS"), at a rate of 5.0% ad valorem. (Id. at 7.) Hitachi claims that the televisions qualify for duty-free treatment under the North American Free Trade Agreement ("NAFTA") in accordance with General Note 12 of the HTSUS. (See id. at 8.) Hitachi does not present an alternative challenge to the tariff classification of its televisions under subheading 8528.12.72, HTSUS. (Id.)

Hitachi filed several timely protests, beginning with Protest Number 2506-05-100031 in May 2005, and filed supporting documentation and claims pursuant to 19 U.S.C. § 1520(d) for duty-free treatment under NAFTA. (Id. at 2, Ex. 1.) Hitachi requested an application for further review ("AFR") for Protest Number 2506-05-100031. (See Mem. in Supp. of Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Br.") 3.) That protest became the lead protest, and Hitachi's other protests were suspended pending issuance of

the response to the AFR. (Id.) Customs did not take any action on the AFR or allow or deny any of the protests. (See First Am. Compl. 3.)

   Hitachi and Customs point to slightly different reasons for Customs' inaction. According to Hitachi, Customs had put Hitachi's protest on hold pending a final decision, following a notice and comment period, on whether to issue a revocation of two prior classification rulings. (See Zisser Decl. 3–5.) The revocation, which limited the types of plasma flat panel televisions eligible for NAFTA duty-free treatment, was issued in October 2006. Revocation of Ruling Letters & Treatment Relating to the Tariff Classification of Certain Plasma Modules, 40 Cust. B. & Dec. 35 (Oct. 12, 2006). In January 2007, Hitachi contacted Customs, discovered that another Customs attorney was assigned to its case, and volunteered to submit additional information. (Zisser Decl. 5–6.) Customs requested additional information in February 2007, and Hitachi submitted it in March 2007. (Id. at 6.)

   According to Customs, shortly after Hitachi's AFR, Samsung International, Inc. ("Samsung"), filed protests and an AFR for its imports of "identical or substantially identical" merchandise. (Def.'s Br. 3.) Customs "did not intend to rule on either the Samsung or Hitachi AFR until it had considered all the relevant information submitted by both protestants." (Id. at 4.) Samsung submitted additional information in August 2007. (Id. at 3.) In November 2007, while Customs was assessing the AFRs, Hitachi filed a summons in Court Number 07-00422.[1]

---

[1] Court Number 07-00422 relates to four protests. (First Am. Compl. Ex. 1.) Three of the protests were filed in May 2005—Protest Number 2506-05-100031, involving entries from June to September 2003; Protest Number 2506-05-100036, involving entries from October to December 2003; and Protest Number 2506-05-100037, involving entries from January to March 2004. (Id.) The fourth, Protest Number 2506-05-100069, involving entries from April to June
(continued...)

Court No. 09-00191 Page 4

(Def.'s Br. 4.) Customs asserts that it had drafted a response to Hitachi's AFR by then, but could not issue any decision on any of Hitachi's or Samsung's protests under 19 C.F.R. §§ 174.25(b)(2)(ii) and 177.7(b) because a related case was pending before this Court.[2] (Def.'s Br. 4; Def.'s Reply Br. 22–23.) Hitachi subsequently filed summonses in Court Numbers 08-00128,[3] 08-00226,[4] and 09-00056.[5] The summonses in Court Numbers 07-00422, 08-00128, 08-00226, and 09-00056 invoke this Court's 28 U.S.C. § 1581(a) jurisdiction, alleging that Hitachi's

---

[1](...continued)
2004, was filed in October 2005. (Id.)

[2] Section 174.25(b)(2)(ii) requires that an AFR "contain . . . [a]llegations that the protesting party . . . [h]as not received a final adverse decision from the Customs courts on the same claim with respect to the same category of merchandise and does not have an action involving such a claim pending before the Customs courts." 19 C.F.R. § 174.25(b)(2)(ii). Section 177.7(b) states that "[n]o ruling letter will be issued with respect to any issue which is pending before the United States Court of International Trade." Id. § 177.7(b). Interpreting these regulations broadly, Customs has developed an administrative practice of declining to rule on any protest involving an issue in a pending case before this Court, even if the protesting party is not one of the parties to the court case. (See Def.'s Mem. in Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss & in Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Reply Br.") 22–23.) The court need not evaluate the validity of this practice at this time, but it may be appropriate for Customs to reevaluate its practice at some point to prevent unnecessary delay in the disposition of protests by importers who do not have cases pending before the court.

[3] Court Number 08-00128 relates to Protest Number 2506-05-100073, filed in November 2005, involving entries from July to September 2004. (First Am. Compl. Ex. 2.)

[4] Court Number 08-00226 relates to Protest Number 2506-06-100009, filed in January 2006, involving entries from October to December 2004, and Protest Number 2506-06-100029, filed in May 2006, involving entries from January to March 2005. (First Am. Compl. Ex. 3.)

[5] Court Number 09-00056 relates to Protest Number 2506-06-100069, filed in August 2006, involving entries from April to June 2005, and Protest Number 2506-06-100089, filed in November 2006, involving entries from July to September 2005. (First Am. Compl. Ex. 4.)

protests were denied by operation of law two years after the protests were filed.[6] (See First Am. Compl. Exs. 1–4.)

This action, Court Number 09-00191, arises from Hitachi's importation of plasma flat panel televisions made or assembled in Mexico between November 19, 2005, and December 27, 2005. (See id. at 1, Ex. 5.) Hitachi filed a timely protest, Protest Number 2506-07-100010, on March 6, 2007. (Id. at 4–5.) Customs never denied the protest. (Id. at 4.) In May 2009, Hitachi filed a summons and complaint in this action, citing the basis for the court's jurisdiction as 28 U.S.C. § 1581(a), because its protest was denied or deemed denied after two years under 19 U.S.C. § 1515(a), or 28 U.S.C. § 1581(i), if jurisdiction did not exist under 28 U.S.C. § 1581(a). (Compl. 4; see First Am. Compl. 7.) The complaint, and the subsequent First Amended Complaint filed in July 2009, also referenced Court Numbers 07-00422, 08-00128, 08-00226, and 09-00056. (Compl. 2; First Am. Compl. 2.)

In late July 2009, Customs filed a motion to dismiss this case for lack of subject-matter jurisdiction. In September 2009, Hitachi filed a cross-motion for consolidation of this

---

[6] Samsung also filed summonses seeking review of the denial of NAFTA duty-free treatment for its plasma flat panel televisions. Samsung filed the first in April 2008 initiating Court Number 08-00136, which relates to Protest Number 2506-05-100070, filed in October 2005. In May 2008, Samsung filed a summons in Court Number 08-00165, which relates to six protests filed between November 2005 and May 2007. Samsung voluntarily dismissed the actions without prejudice in November 2009. On November 16, 2009, Samsung requested accelerated disposition of its protests, and on December 17, 2009, the protests were deemed denied pursuant to 19 U.S.C. § 1515(b). In January 2010, Samsung refiled, seeking review of the denial of its seven protests under this Court's 28 U.S.C. § 1581(a) jurisdiction. Samsung has filed a summons but has not yet filed a complaint in the action, which is Court Number 10-00015. See USCIT R. 3(a)(1) (providing that a § 1581(a) action may be commenced by the filing of a summons without a concurrent complaint). Pursuant to USCIT Rule 83, Samsung's case was placed on the reserve calendar for eighteen months and may be removed, inter alia, when a complaint is filed. See USCIT R. 83(a)–(b).

case with Court Numbers 07-00422, 08-00128, 08-00226, and 09-00056 and to designate the First Amended Complaint in this case as the consolidated complaint. (Pl.'s Opp'n to Defs.' Mot. to Dismiss & Pl.s' Cross Mots. for Summ. J. & Consol. 1.) Hitachi also filed a cross-motion for summary judgment. (Id.) Hitachi's argument in support of its cross-motion is slightly different from the claim asserted in the First Amended Complaint, as Hitachi now argues with respect to all of the actions that jurisdiction is proper under 28 U.S.C. § 1581(i) and that Hitachi is entitled to summary judgment to recover the amounts protested because Hitachi's protests were allowed by operation of law after Customs failed to allow or deny the protests within the two-year period required by 19 U.S.C. § 1515(a). (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss & in Supp. of Pl.'s Cross-Mots. for Summ. J. & for Consol. ("Pl.'s Br.") 12–43.) Hitachi alternatively argues that jurisdiction is proper under 28 U.S.C. § 1581(a) because Hitachi's protests were denied by operation of law after the two-year period. (Id. at 43–46.)

## DISCUSSION

Hitachi has the burden of establishing jurisdiction under 28 U.S.C. § 1581(a) or (i). See Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006). Under § 1581(a), the court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 28 U.S.C. § 1581(a). Section 1581(i) provides:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section . . . , the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
> (1) revenue from imports . . . or
> (4) administration and enforcement with respect to the matters referred to in

Court No. 09-00191                                                                                                        Page 7

paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

Id. § 1581(i). Whether the court has jurisdiction over this case under § 1581(a), § 1581(i), or neither depends on the effect of Customs' failure to take action on the protest within two years. The statute imposing the two-year requirement, 19 U.S.C. § 1515(a), provides:

> Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with [19 U.S.C. § 1514], shall review the protest and shall allow or deny such protest in whole or in part. Thereafter, any duties, charge, or exaction found to have been assessed or collected in excess shall be remitted or refunded . . . . Upon the request of the protesting party, . . . a protest may be subject to further review by another appropriate customs officer, . . . subject to the two-year limitation prescribed in the first sentence of this subsection. . . . Notice of the denial of any protest shall be mailed in the form and manner prescribed by the Secretary. . . .

19 U.S.C. § 1515(a). The implementing regulations use similar language. See 19 C.F.R. § 174.21(a) ("[T]he port director shall review and act on a protest . . . within 2 years from the date the protest was filed."); id. § 174.29 ("The port director shall allow or deny in whole or in part a protest . . . within 2 years from the date the protest was filed.").

I.     **Jurisdiction under § 1581(i) and Deemed Allowance Claim**

Hitachi contends that the court has jurisdiction under 28 U.S.C. § 1581(i) because 19 U.S.C. § 1515(a) requires Customs to act on a protest within two years, and Customs' failure to comply with that requirement results in an allowance of Hitachi's protest by operation of law. (Pl.'s Br. 1–2.) Hitachi seeks a windfall, asking the court to refund its duties on summary judgment because of the deemed allowance. (See id. at 3.) The court will not do so, as the law does not support Hitachi's "deemed allowance" contention. Even a statutory deadline using the word "shall" is "directory and not mandatory when no restraint is affirmatively imposed on the

doing of the act after the time specified and no adverse consequences are imposed for the delay." Canadian Fur Trappers Corp. v. United States, 691 F. Supp. 364, 367 (CIT 1988) (internal quotation marks and citation omitted).

      Here, neither the statute nor the regulations specifies any consequences for the failure to allow or deny a protest within the two-year period. As has long been held, the time period is not mandatory, and § 1515(a) does not deprive Customs of power to act on the protest after the two-year period. See Canadian Fur Trappers, 691 F. Supp. at 367. Rather, § 1515(a) "is regulatory in character and prescribes the period of time . . . in which the obligations and responsibilities of [Customs] officials are to be performed." Knickerbocker Liquors Corp. v. United States, 432 F. Supp. 1347, 1349 (Cust. Ct. 1977). The nature of the statutory deadline is quite different from the mandatory statutory requirements for the notice of denial under § 1515(a). See Sea-Land Serv., Inc. v. United States, 735 F. Supp. 1059, 1063 & n.7 (CIT 1990).

      Further, the legislative history of § 1515 does not indicate that Congress intended Custom's failure to decide a protest within two years to be a deemed allowance. Prior to 1970, § 1515 provided for ninety days for review of protests. See Tariff Act of 1930, Pub. L. No. 71-361, § 515, 46 Stat. 590, 734. If Customs did not take any action on the protest within ninety days, Customs "los[t] all jurisdiction thereof," and the matter was automatically referred to the Customs Court (the predecessor to this Court). H.K. Wheeler, Inc. v. United States, 9 Cust. Ct. 30, 33–34 (1942). The Customs Courts Act of 1970, Pub. L. No. 91-271, § 208, 84 Stat. 274, 285–86, amended this provision to eliminate such automatic referrals and increase the time for administrative review, see H.R. Rep. No. 91-1067, at 10, 28–29 (1970), as reprinted in 1970

U.S.C.C.A.N. 3188, 3196. As introduced, the bill would have amended § 1515(a) to state that "[t]he appropriate customs officer shall review a protest filed in accordance with section 514 of this Act and may allow or deny such protest in whole or in part" and provided for constructive denial of protests. S. 2624, 91st Cong. § 208, 115 Cong. Rec. 19,453 (1969). The Senate Committee on the Judiciary deleted the constructive denial provision and replaced the wording of the first sentence of § 1515(a) with the current version. See S. Rep. No. 91-576, at 2–3 (1969); 115 Cong. Rec. 37,810, 37,815 (1969) (as introduced, July 14, 1969). Although the Committee characterized the revised § 1515(a) as imposing "an obligation on the Bureau of Customs to act on the merits of all protests within 2 years," "[a]n overall limit of two years," and "a maximum period of 2 years," it stated that "[i]mporters concerned about unreasonable delay at the administrative level are fully protected by the new provision in section [1515(b)] for obtaining accelerated disposition of a protest." S. Rep. No. 91-576, at 11, 28. The Committee's statement that § 1515, as amended, "requires the Department of the Treasury to allow a protest or expressly deny it in whole or part within two years from the date that the protest was filed," id. at 4, does not compel the conclusion that Hitachi's protest was allowed because it was not expressly denied within two years. As discussed supra, § 1515(a) is directory and not mandatory because, inter alia, it does not provide a consequence for Customs' failure to either allow or deny a protest. See Canadian Fur Trappers, 691 F. Supp. at 367; Knickerbocker Liquors, 432 F. Supp. at 1349.

Hitachi also argues that "allow" means "to permit something to happen by doing nothing." (Pl.'s Br. 28.) There is no support for such a definition in customs law. While statutes, regulations, and cases recognize that Customs' inaction may be a deemed denial in

some unusual circumstances, see, e.g., 19 U.S.C. § 1515(b); China Diesel Imps., Inc. v. United States, 17 CIT 498, 499 (1993); 19 C.F.R. § 174.21(b); id. § 174.22(d), no authority has ever recognized that Customs' inaction may result in a deemed allowance. Additionally, recognition of inaction as a deemed allowance would be wholly inconsistent with § 1581(i) jurisdiction.

Although § 1581(i) is "a broad residual jurisdictional provision, . . . its scope is strictly limited, and . . . the protest procedure cannot be easily circumvented." Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1293 (Fed. Cir. 2008) (internal quotation marks and citation omitted). Section 1581(i) "is not to be used generally to bypass administrative review by valid protest and denial." Cherry Lane Fashion Group, Inc. v. United States, 712 F. Supp. 190, 193 (CIT 1989). It "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987).

Jurisdiction under § 1581(a) would have been available if Hitachi had waited for a denial of its protest. It also could have been available if Hitachi had requested an accelerated disposition of its protest pursuant to 19 U.S.C. § 1515(b). Section 1515(b) allows an importer to request accelerated disposition at any time after the filing of the protest and provides that "[f]or purposes of [28 U.S.C. § 1581], a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing . . . of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such request." 19 U.S.C. § 1515(b).[7]

---

[7] The corresponding regulation states that "[i]f the port director fails to allow or deny a
(continued...)

Court No. 09-00191                                                                                                                                            Page 11

Hitachi cannot show that § 1581(a) relief would be manifestly inadequate. As numerous cases have held, delays in the protest and denial procedure do not render the remedy provided under § 1581(a) manifestly inadequate where the importer has not used the procedure for accelerated disposition and deemed denial. See, e.g., Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1551 (Fed. Cir. 1983) (holding that eighteen-month delay did not make judicial review under § 1581(a) deficient where "importers not only failed to utilize the procedure for obtaining accelerated consideration of its protest but also resorted to additional review procedure"); Inner Secrets/Secretly Yours, Inc. v. United States, 869 F. Supp. 959, 966 (CIT 1994) (stating that "delays inherent in the protest procedures do not render these procedures manifestly inadequate" because an importer can seek accelerated review); China Diesel, 17 CIT at 498–99 (holding that accelerated review and deemed denial are available for exclusion protests and that "[h]aving waited five months from the filing of its protest . . . to bring suit in this court, plaintiff now cannot make out a case that the accelerated protest procedures were manifestly inadequate"). Thus, the court lacks jurisdiction under 28 U.S.C. § 1581(i).

## II.    Jurisdiction under § 1581(a)

The court does not have jurisdiction under 28 U.S.C. § 1581(a) to rule on the duty rate dispute, either, as Customs has not yet denied the protest, and the structure and legislative history of 19 U.S.C. § 1515 confirm that Customs' inaction was not a deemed denial. Whereas § 1515(a) does not provide for deemed denial, § 1515(b) explicitly provides for deemed denial

---

[7](...continued)
protest which is the subject of a request for accelerated disposition within 30 days from the date of mailing of such request, the protest shall be deemed to have been denied at the close of the 30th day . . . ." 19 C.F.R. § 174.22(d).

after an importer has request accelerated disposition of its protest.[8] See 19 U.S.C. § 1515. If Congress had intended that a protest be deemed denied after two years of inaction by Customs, it would have expressly so provided. See Knickerbocker Liquors, 432 F. Supp. at 1349. Instead, "[t]he intent of Congress is clearly evidenced by the contrasting statutory provisions relating to a protest subject to accelerated disposition." Id.

As discussed supra, the Senate Committee on the Judiciary "eliminated the constructive denial procedure" originally included in the bill that became the Customs Courts Act of 1970.[9] S. Rep. No. 91-576, at 30. The Committee rejected the procedure because it did not provide for notice after the expiration of the two-year period, which would impose on the importer the burden of following the timing of the protest and determining when to file a case in the Customs Court. Id. at 29. Nevertheless, a conclusion that § 1515 provides for a deemed denial after two years is untenable where Congress deleted explicit language to that effect.

---

[8] The corresponding regulation also explicitly provides for deemed denial of protests of certain merchandise but does not provide for any similar consequence for failure to allow or deny a protest within two years. Compare 19 C.F.R. § 174.21(a) ("Except [for protests relating to exclusion of merchandise] as provided in paragraph (b) of this section, the port director shall review and act on a protest . . . within 2 years from the date the protest was filed."), with id. § 174.21(b) ("Any protest [involving exclusion of merchandise] which is not allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day for purposes of 28 U.S.C. 1581.").

[9] The bill provided for an additional subsection (c) to § 1515, stating:

> CONSTRUCTIVE DENIAL OF PROTEST.—Any protest which has not been allowed or denied in whole or in part in accordance with paragraph (a) of this section and which is not deemed denied in accordance with paragraph (b) of this section, shall be deemed to be denied after two years have elapsed from the date the protest was filed in accordance with [19 U.S.C. § 1514].

S. 2624, 91st Cong. § 208, 115 Cong. Rec. 19,453 (1969).

In <u>Knickerbocker Liquors</u>, the Customs Court held that the end of the two-year period described in § 1515(a) does not automatically begin the 180-day limitation period for filing a court action under 28 U.S.C. § 2631(a)(1) where Customs has not sent a notice of denial of the protest. 432 F. Supp. at 1349–51. The court "declined to treat [§ 1515(a)] as providing a constructive denial of the protest." <u>United States v. Ataka Am., Inc.</u>, 826 F. Supp. 495, 503 (CIT 1993). "[N]ormally a notice of denial is required to trigger jurisdiction, even after the expiration of the two-year period."[10] <u>China Diesel</u>, 17 CIT at 499.

Hitachi relies heavily on <u>China Diesel</u>. In that case, Customs had failed to act on the plaintiff's protest of the formal exclusion of its merchandise from entry into the United States within 30 days as required by 19 C.F.R. § 174.21(b) (1992), which did not have a deemed denial provision at the time. <u>Id.</u> at 498. The court concluded that "[i]n the absence of any stated reason for the <u>extraordinary</u> delay occasioned by Customs in this case, the court may assume that Customs has no reason for not acting on the protest within the time required by its own regulations" and accordingly "presume[d] that the protest has been denied for all intents and purposes and that jurisdiction attaches under 28 U.S.C. § 1581(a)." <u>Id.</u> at 499.[11]

<u>China Diesel</u> is not relevant here. Apart from the statutory changes that were enacted post-<u>China Diesel</u>, Hitachi's goods have not been completely and indefinitely excluded from entry into the United States. Instead, Hitachi's only claim is that the duties it paid upon

---

[10] Only one case, in dicta, has noted that "Customs' failure to reply to a protest within the two-year time limit might constitute a denial of that protest." <u>Tikal Distrib. Corp. v. United States</u>, 970 F. Supp. 1056, 1064 (CIT 1997).

[11] The delay was more than a year beyond notice of the failure to meet the regulatory deadline.

entry of its goods should be refunded. Customs has offered a reason for the delay, the need to examine all of the issues surrounding Hitachi's and Samsung's similar protests and now this lawsuit. In such a circumstance, there is no reason to presume that Hitachi's protest is denied. Rather, because Hitachi has not complied with the normal jurisdictional procedures, such as requesting accelerated disposition of the protest, the court lacks jurisdiction under 28 U.S.C. § 1581(a). See Cherry Lane, 712 F. Supp. at 193 (holding that the passage of 110 days without action on a protest of exclusion violated the thirty-day limit in the regulation but was not a deemed denial under 28 U.S.C. § 1581(a) because the importer did not comply with the applicable procedures).

## CONCLUSION

Because the court lacks subject-matter jurisdiction over this action, it is dismissed without prejudice. Hitachi may request accelerated disposition of its protest under 19 U.S.C. § 1515(b).[12] If Hitachi's protest is then denied or deemed denied, Hitachi may refile pursuant to 28 U.S.C. § 1581(a).[13] Hitachi's cross-motion for summary judgment is denied, and its cross-

---

[12] Hitachi argues in its reply brief that an accelerated disposition of its protest under § 1515(b) is not possible because the two-year period has lapsed, and alternatively, that a request for accelerated disposition would be futile. (Pl.'s Reply Br. 14–15). These arguments lack merit. Section 1515(b) permits a request for accelerated disposition of a protest any time after filing, and nothing prohibits an importer from filing a request after two years. See 19 U.S.C. § 1515(b). Although Customs might refuse to act on Hitachi's request while the Samsung case is pending before this Court, and it appears that Customs would deny Hitachi's protests on the merits, the request would not be futile because Customs' failure to act on the protest would work a deemed denial that the court would have jurisdiction to review under 28 U.S.C. § 1581(a). See id.

[13] In its reply brief, Hitachi requests a remand of Court Numbers 07-00422, 08-00128, 08-00226, 09-00056, and 09-00191 if the court determines that it lacks jurisdiction. (Pl.'s Reply
(continued...)

Court No. 09-00191																													Page 15

motion for consolidation is denied as moot.

                                                  /s/ Jane A. Restani
                                                  Jane A. Restani
                                                  Chief Judge

Dated this 30th day of April, 2010.
New York, New York.

---

[13](...continued)
Br. 16–17.) A remand is not appropriate because the expiration of the two-year period did not deprive Customs of power to act on the protests. See Alberta Gas Chems., Inc. v. United States, 515 F. Supp. 780, 785–86 (CIT 1981).

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                    :
HITACHI HOME ELECTRONICS            :
(AMERICA), INC.,                    :
                                    :
            Plaintiff,              :
                                    :
      v.                            :     Before: Jane A. Restani, Chief Judge
                                    :
UNITED STATES,                      :     Court No. 09-00191
UNITED STATES CUSTOMS AND           :
BORDER PROTECTION, and              :
ROSA HERNANDEZ, PORT DIRECTOR,      :
UNITED STATES CUSTOMS AND           :
BORDER PROTECTION, (OTAY MESA)      :
SAN DIEGO, CALIFORNIA,              :
                                    :
            Defendants.             :
_____:


## JUDGMENT

For the reasons stated in the accompanying opinion, this action is DISMISSED without prejudice.


                                          /s/ Jane A. Restani
                                          Jane A. Restani
                                          Chief Judge

Dated this 30th day of April, 2010.
New York, New York.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: April 30, 2010

By: /S/ Geoffrey Goell
Deputy Clerk